IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEMAR SCOTT, M39522, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| WARDEN LAWRENCE, I.A. MRS. CURRY, SGT. BENNET, C/O MORRIS, C/O JOHN DOE, LT JOHN DOE, NURSE JANE DOE, LT. BUMP, SGT. K, C/O JOHN DOES 2, 3, 4. | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 21-cv-409-DWD

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Lemar Scott, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pontiac Correctional Center (Pontiac), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard). (Doc. 9). Plaintiff claims that he was severely beaten by three guards. He seeks compensatory damages.

Plaintiff's Amended Complaint (Doc. 9) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on June 17, 2019, he was removed from his cell by Defendant Lt. Bump. (Doc. 9 at 9). Bump escorted him to a cage cell and handed him off to three different officers—Defendants Bennet, Morris, and John Doe "Jay." Plaintiff alleges that these three officers performed a strip search that was more invasive than normal. The officers then handcuffed him and severely beat him. The beating only stopped when the officers noticed blood pooling on the floor. (*Id.* at 11). Defendant Morris attempted to stop the bleeding with paper towels. The three officers talked about what to do, they allowed other people to come to the cage cell to view him and the cleaned the blood off the floor. Defendant Curry then photographed Plaintiff. Plaintiff was seen by a nurse who told him he caused his own injuries by banging his head into the bars.

The next day, Plaintiff attempted to notify prison staff that he was beaten and nearly raped. He also told the warden that an officer was denying him food, had spit in his medication cup, and was interfering with his mail. The Warden allegedly told Plaintiff that he "had everything coming" because he had previously thrown a juice box at an officer.

The court designates the following Claim, based on the Amended Complaint:

      **Claim 1:**    **Eighth Amendment excessive force claim against Defendants Bennet, Morris, and John Doe "Jay".**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

### Preliminary Dismissal

Plaintiff named Defendants Lawrance, Curry, Lt. John Doe, Nurse Jane Doe, Lt. Bump, Sgt. K and John Does 2-5 in his complaint, but these defendants will be dismissed because Plaintiff has not identified sufficient personal actions taken by these individuals that violated his rights. For example, he alleged that Defendant Bump walked him to the cell where he was ultimately beaten but nothing more. Likewise, for Defendant Curry, he only alleged that she photographed him after the beating. Allegations of these nature do not suggest the willful violation of Plaintiff's constitutional rights. Accordingly, these parties will be dismissed without prejudice because Plaintiff failed to state a claim against them.

### Analysis

Claim 1 is sufficient as pled to proceed against Defendants Bennet, Morris, and John Doe 1 ("Jay") for use of excessive force in violation of the Eighth Amendment.

### Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Amended Complaint (Doc. 9) survives initial screening as described above against Defendants Bennet, Morris, and John Doe 1.  Plaintiff has failed to state a claim against all other named parties, so the Clerk of Court is **DIRECTED** to **TERMINATE** Defendants Lawrance, Bump, John Does 2-5, Curry, K. Badge, and Jane Doe.  The Clerk is **DIRECTED** to **ADD** the Warden of Menard for the sole purpose of helping identify John Doe 1 "Jay".

The Clerk of Court is **DIRECTED** to prepare for Defendants Bennet, Morris, Warden of Menard (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 9), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.** The Warden does NOT need to file an answer, he is added only to help identify a Doe defendant.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Dated: March 18, 2022

_____
DAVID W. DUGAN
United States District Judge

Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.